## Monroe County *v.* Eilenberger, Appellant (No. 2).

*Bond—Official bonds—Judgment—Act of June* 14, 1836, *P. L.* 637, *sec.* 6, *par.* 11.

Under a proper construction of the Act of June 14, 1836, P. L. 637, sec. 6, par. 11, a party for whose protection the bond required by the act was given, whose cause of action accrued before a judgment on the bond, and who did not avail himself of the right given by paragraph 3 of the same section to be made a party to the writ, is not barred by the judgment. The act is not to be construed as affording a remedy only to plaintiff in the original suit, and for breaches to his injury occurring after judgment for the penalty, and to others whose causes of action matured after such judgment.

A bond given by a county treasurer and conditioned in strict accordance with sec. 33 of the Act of April 15, 1834, P. L. 537, stands for the protection of the several municipal divisions of the county which are entitled to portions of the liquor license fees received by him.

Submitted Feb. 25, 1907. Appeal, No. 32, Jan. T., 1907, by defendant, from judgment of C. P. Monroe Co., Dec. T., 1905, No. 24, for plaintiff on demurrer in case of Monroe County ex rel. Hamilton Township v. Fred Eilenberger, A. Y. Zimmerman, Jacob E. Michaels, James Armitage, A. W. Knapp and Obadiah Zimmerman, who survive Martin Yetter. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit on a county treasurer's bond. Before STAPLES, P. J.

The opinion of the Superior Court states the case.

*Eilenberger & Huffman* and *Henry J. Kotz,* for appellants.— The relator plaintiff was not entitled to the writ of scire facias sued out, on all the facts and circumstances of this case : Gross v. Partenheimer, 159 Pa. 556 ; Com. v. Cope, 45 Pa. 161.

*John B. Williams* and *Frank B. Holmes,* for appellees.

OPINION BY RICE, P. J., May 13, 1907 :

The principal question argued in this case arises upon the

construction of paragraph 11 of sec. 6 of the Act of June 14, 1836, P. L. 637, relating to actions upon official bonds, which provides as follows: "In all cases where the condition of any such bond shall be broken, after a judgment for the commonwealth as aforesaid, it shall be lawful for the party aggrieved to proceed by scire facias upon such judgment, suggesting his interest therein, to assess and recover the damages which he shall have sustained," etc. It is argued that this section must be construed to afford a remedy only to plaintiffs in the original suit and for breaches to their injury occurring after judgment for the penalty, and to others whose causes of action matured after such judgment. According to this construction a party for whose protection the bond was given, whose cause of action accrued before such judgment, and who did not avail himself of the right given by paragraph 3 of the same section to be made a party to the writ, is barred by the judgment. This is not the unavoidable implication from the words " after a judgment rendered for the commonwealth " in the section of the statute above quoted. The counsel for the appellees contends that this clause will apply equally to the time when the condition is broken and to the time when the writ of scire facias is to be sued out. Being a remedial statute it is to be construed, if the words permit, so as to advance the remedy and cure the mischiefs had in view by the legislature. The construction of the paragraph which would include one who, perchance through ignorance of the pendency of the original suit, had not availed himself of the right conferred by the third paragraph, does no violence to the language, and is more consistent than that contended for by the appellant's counsel with the provision of the ninth paragraph, that " the judgment of the commonwealth, as aforesaid, shall remain for the satisfaction of all persons entitled to the benefit of the bond or obligation upon which it was rendered, and for all and singular the like uses and purposes." The mischievous consequences which might ensue from the other construction are well pointed out in the opinion of the learned judge below from which we quote: "There was a continuing breach of the condition of the bond down to the time of suit and, if the contention of the defendants were sustained and held to be the law, it would result in great injury to all classes of persons who might

have the right of action upon official bonds. It would put it within the power of evil disposed persons to quietly bring suit upon the official bond of a defaulting officer and obtain judgment and thereby deprive all other persons having claims for breaches previous to the judgment of obtaining what was justly due them. The act did not contemplate any such restriction as this, nor do the cases cited sustain any such contention."

The question whether a bond given by a county treasurer, and conditioned in strict accordance with sec. 33 of the act of 1834, stands for the protection of the several municipal divisions of the county which are entitled to portions of the liquor license fees received by him, has been discussed in the immediately preceding case, and has been determined in the affirmative.

The only other question discussed in the printed briefs of counsel upon which the case was submitted, which requires notice, is as to the right of the plaintiff to proceed by scire facias upon the judgment referred to in the preceding case, suggesting its interest therein, to assess and recover the damages which it has sustained—that judgment, it will be remembered, being in the name of the county, the obligee in the bond, for the penal sum. This question does not go to the merits, and a careful examination of the pleadings shows that the objection that the original action and judgment were in the name of the county, not in the name of the commonwealth, was not specifically assigned as one of the causes of demurrer. On the contrary, it was distinctly assigned as cause for demurrer that the relator's cause of action on the official bond of Fred W. Eilenberger, if any it had, appears by its declaration to have existed at the time of the original suit and during the pendency thereof, down to the entry of the judgment therein, and that, "it was its right and duty to join in that suit, if it had a right to use the above recited security given to the county of Monroe under the statute of this commonwealth in such case made and provided, but not to bring a second suit, or even to make use of the judgment already entered, on the state of facts and other circumstances developed by the pleadings in this case."

Thus the court was distinctly invited to hold, that if the relator had any interest in the bond, it was precluded by the

preceding action and judgment from enforcing its right there-under. This implied a concession, as plainly as if it had been put in so many words, that the relator's remedy was to be worked out through the original suit and in no other way, and that in the event of a determination that the bond stood for the protection of the different municipal divisions of the county which were entitled to portions of the liquor license fees received by the treasurer, the question for the court to decide was as to the time when the right of the relator to intervene in the original proceeding upon the bond must be exercised. Having taken this position in the court below, we think it is now too late to take the inconsistent position (which the appellants must take in order to prevail in this appeal) that the act of 1836 does not apply at all, because the original proceeding was not in the name of the commonwealth. In view of the pleadings, and of the conclusion we have reached upon the question of the defendants' liability under the bond for the relator's share of the license money, we are of the opinion that the court committed no error in overruling the demurrer of which the appellants can justly complain.

Judgment affirmed.